UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GILES MCGHEE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-2399** |
| **DARREL VANNOY** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that petitioner's motion to dismiss unexhausted claims, incorporated within his Objections (Rec. Doc. 10) to the Magistrate Judge's Report is **GRANTED**;

**IT IS FURTHER ORDERED** that this matter is hereby **REFERRED** to the assigned Magistrate Judge for consideration of petitioner's exhausted claims.

Before the court are petitioner's Objections to the Magistrate's Report and Recommendation. The Magistrate Judge determined that plaintiff's petition was a mixed petition presenting both exhausted and unexhausted claims, and recommended dismissal without prejudice. In the Report and Recommendation, the Magistrate Judge informed petitioner that he had a choice of returning to state court to exhaust his claims in full, or to amend or resubmit the petition to pursue only exhausted claims in this court. Rec. Doc. 9, p. 18.

In his Objections, petitioner stated that if this court agreed with the Magistrate Judge that his Ramos[1]-Teague[2] issue was unexhausted, he would dismiss those claims. Rec. Doc. 10, p. 2.

---

[1] In Ramos v. Louisiana, 140 S. Ct. 1390 (2020), the United States Supreme Court held that the Sixth Amendment requires a unanimous verdict to convict a defendant of a serious

He further requested that the "tainted jury" issue, which he acknowledged was unexhausted, be dismissed. Id. at p. 8. The court adopts the finding of the Magistrate Judge that defendant's claims premised on Ramos and Teague are unexhausted. Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to dismiss unexhausted claims, incorporated within his Objections (Rec. Doc. 10) to the Magistrate Judge's Report is **GRANTED**;

**IT IS FURTHER ORDERED** that this matter is hereby **REFERRED** to the assigned Magistrate Judge for consideration of petitioner's exhausted claims.

New Orleans, Louisiana, this   1st   day of April, 2021.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

---

offense. Defendant was convicted by a non-unanimous jury.

[2]Teague v. Lane, 489 U.S. 288 (1989) established the test for determining whether decisions affecting rights of criminal procedure would be retroactively applied on collateral review.